1

2

3

4

5

6

7                          **UNITED STATES DISTRICT COURT**

8                         **EASTERN DISTRICT OF CALIFORNIA**

9

10

11   ARCHIE CRANFORD,                  Case No. 1:14-cv-00499-SKO-HC

12            Petitioner,              ORDER DISMISSING THE PETITION FOR
                                       WRIT OF HABEAS CORPUS FOR FAILURE
13        v.                           TO STATE A COGNIZABLE CLAIM (D0C.
                                       1)
14   KATHLEEN O'BRIN, et al.,
                                       ORDER DECLINING TO ISSUE A
15            Respondents.             CERTIFICATE OF APPEALABILITY
                                       AND DIRECTING THE CLERK TO
16                                     CLOSE THE CASE

17

18        Petitioner is a state prisoner proceeding pro se and in forma

19   pauperis with a petition for writ of habeas corpus pursuant to 28

20   U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has

21   consented to the jurisdiction of the United States Magistrate Judge

22   to conduct all further proceedings in the case, including the entry

23   of final judgment, by manifesting Petitioner's consent in a writing

24   signed by Petitioner and filed by Petitioner on June 4, 2014.

25   Pending before the Court is the petition, which was filed on April

26   9, 2014.

27        I.   Screening the Petition

28        Rule 4 of the Rules Governing § 2254 Cases in the United States

                                       1

District Courts (Habeas Rules) requires the Court to make a
preliminary review of each petition for writ of habeas corpus. The
Court must summarily dismiss a petition "[i]f it plainly appears
from the petition and any attached exhibits that the petitioner is
not entitled to relief in the district court...." Habeas Rule 4;
O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also
Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule
2(c) requires that a petition 1) specify all grounds of relief
available to the Petitioner; 2) state the facts supporting each
ground; and 3) state the relief requested.  Notice pleading is not
sufficient; the petition must state facts that point to a real
possibility of constitutional error.  Rule 4, Advisory Committee
Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting
Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in
a petition that are vague, conclusory, or palpably incredible are
subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d at
491.

The Court may dismiss a petition for writ of habeas corpus
either on its own motion under Habeas Rule 4, pursuant to the
respondent's motion to dismiss, or after an answer to the petition
has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976
Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir.
2001).  A petition for habeas corpus, however, should not be
dismissed without leave to amend unless it appears that no tenable
claim for relief can be pleaded were such leave granted.  Jarvis v.
Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner is an inmate of the Coalinga State Hospital in
Coalinga, California, which is situated within the territory of this

2

district.  Petitioner alleges he is serving a life sentence and does not expect to be released; however, he contends he has suffered a denial of access to the courts.  He states that he was assaulted and/or denied medical treatment after an assault.  Further, he was denied access to the courts by rulings in two separate cases in this Court.  Although it is unclear, Petitioner appears to challenge the consolidation or joinder of two cases.  (Pet., doc. 1, 3-5.)

II.   Conditions of Confinement

This Court has a duty to determine its own subject matter jurisdiction, and lack of subject matter jurisdiction can be raised on the Court's own motion at any time.  Fed. R. Civ. P. 12(h)(3); CSIBI v. Fustos, 670 F.2d 134, 136 n.3 (9th Cir. 1982) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511-512 (1973)).

A court will not infer allegations supporting federal jurisdiction; a federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears, and thus federal subject matter jurisdiction must always be affirmatively alleged.  Fed. R. Civ. P. 8(a); Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989).

A federal court may only grant a state prisoner's petition for writ of habeas corpus if the petitioner can show "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

3

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141 42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

Challenges to prison disciplinary adjudications that have resulted in a loss of time credits must be raised in a federal habeas corpus action and not in a § 1983 action because such a challenge is to the very fact or duration of physical imprisonment, and the relief sought is a determination of entitlement of immediate or speedier release. Preiser v. Rodriguez, 411 U.S. 475, 500. Thus, such claims are within the core of habeas corpus jurisdiction.

Cases in this circuit have recognized a possibility of habeas jurisdiction in suits that do not fall within the core of habeas corpus. Bostic v. Carlson, 884 F.3d 1267 (9th Cir. 1989) (expungement of disciplinary finding likely to accelerate eligibility for parole); Docken v. Chase, 393 F.3d 1024 (9th Cir. 2004) (claim challenging the constitutionality of the frequency of parole reviews, where the prisoner was seeking only equitable relief, was held sufficiently related to the duration of confinement). However, relief pursuant to § 1983 remains an appropriate remedy for claims concerning administrative decisions made in prison where success would not necessarily imply the invalidity of continuing confinement. Docken v. Chase, 393 F.3d at 1030 (characterizing Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997) as holding that a § 1983 suit is an appropriate remedy for challenges to conditions [there, administrative placement in a sex offender program affecting eligibility for parole] which do not

4

necessarily imply the invalidity of continuing confinement); <u>Ramirez</u>
<u>v. Galaza</u>, 334 F.3d 850, 852, 858 (9th Cir. 2003).

Here, Petitioner's claims do not relate to or affect the duration of his confinement; rather, they concern only the conditions of his confinement.  Further, to the extent that Petitioner challenges rulings made in other cases in this Court, Petitioner's remedy is in those proceedings and not pursuant to § 1983 action.  Thus, Petitioner's claims must be dismissed.

Because of the nature of Petitioner's claims, even if leave to amend were granted, it is not possible that Petitioner could amend his petition to allege tenable conditions claims that would entitle him to habeas relief.  Petitioner could not allege specific facts that would demonstrate that as a result of the challenged procedures, the legality or duration of Petitioner's confinement, as distinct from the conditions of his confinement, was affected. Accordingly, Petitioner's habeas petition should be dismissed without leave to amend.

III.  <u>Remedy</u>

Petitioner does not state a claim within the core of habeas jurisdiction or otherwise state facts entitling him to habeas relief.  Although the Court lacks habeas corpus jurisdiction over the claims concerning conditions of confinement, the Court could construe Petitioner's claims as a civil rights complaint brought pursuant to 42 U.S.C. § 1983.  <u>See</u>, <u>Wilwording v. Swenson</u>, 404 U.S. 249, 251 (1971).  However, the Court declines to construe the petition as a civil rights complaint because of various differences in the procedures undertaken in habeas proceedings on the one hand, and civil rights actions on the other.

First, if the petition were converted to a civil rights complaint, Petitioner would be obligated to pay the $350 filing fee for a civil action, whether in full or through withdrawals from his prison trust account in accordance with the availability of funds. 28 U.S.C. §§ 1914, 1915(b). The dismissal of this action at the pleading stage would not terminate Petitioner's duty to pay the $350 filing fee. Here, the petition was not accompanied by the $350 filing fee, let alone the small amount of $5.00 applicable to habeas corpus proceedings. See 28 U.S.C. § 1914.

Further, 42 U.S.C. § 1997e(a) provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." It is established that this provision requires exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). Here, the completion of administrative remedies is not fully alleged.

Another omission from the petition that affects the Court's decision not to consider it as a civil rights complaint is the Petitioner's failure to identify the capacity in which the named respondent would be sued for purposes of a civil rights claim, which is critical to the issue of sovereign immunity.

Finally, if the petition were converted to a civil rights complaint, the Court would be obligated to screen it pursuant to the screening provisions of the Prisoner Litigation Reform Act of 1995. 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). It is not clear that all of Petitioner's allegations state civil rights claims. If the

6

pleading ultimately were dismissed for failure to state a claim upon which relief may be granted, such a dismissal could count as a "strike" against Petitioner for purposes of 28 U.S.C. § 1915(g) and any future civil rights action he might bring.  The Court concludes that Petitioner should have the opportunity to decide how to proceed with his claims.

Based on the foregoing, the habeas petition is dismissed without prejudice so Petitioner himself may determine whether or not he wishes to raise his claims through the vehicle of a properly submitted civil rights complaint.

IV.  <u>Certificate of Appealability</u>

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).  A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1)

7

the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  Id.  An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed.  Miller-El v. Cockrell, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, the Court will decline to issue a certificate of appealability.

V.  Disposition

Based on the foregoing, it is hereby ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED without prejudice for failure to state a claim that is cognizable in a proceeding pursuant to 28 U.S.C. § 2254;

2) The Court DECLINES to issue a certificate of appealability; and

3) The Clerk is DIRECTED to close the action because the dismissal terminates it in its entirety.

IT IS SO ORDERED.

Dated:   **July 8, 2014**                          **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE

8